**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
JOHN EDGELL, et al.,              :
                                  :
        Plaintiffs,                :
                                  :
    v.                            :  Civil Action No. 04-1716 (JR)
                                  :
OHIO DISCOUNT MERCHANDISE, INC.,  :
et al.,                           :
                                  :
        Defendants.                :
```

**MEMORANDUM**

This is a case of a political bobblehead deal gone bad. In the run-up to the 2004 election, plaintiff John Edgell worked with defendant Ohio Discount Merchandise, Inc. to produce "bobbleheads" (toys) depicting a variety of political figures. Portions of profits made were to go the Kristin Ann Karr Fund for Sarcoma Cancer Research and to the DeLay Foundation for Kids. Although the bobbleheads achieved some media prominence, a number of problems arose (including a lawsuit by bodybuilder-turned-movie-star-turned-California Governor Arnold Schwarzenegger over publicity rights and difficulties when Internet pornography filters blocked the term "bobbinghead"), and the business relationship disintegrated.  Plaintiff now sues in diversity under a variety of contract, tort, and other legal theories. Defendants have moved to dismiss, asserting a lack of personal jurisdiction.

Defendants are Ohio Discount Merchandise, Inc. (ODM); Product Shopper, Inc.; Bosley Investment Group, Ltd.; American

Nutrition Labs, Inc.; and Todd and Toby Bosley (who own and/or work for these family businesses and are being sued in their individual and official capacities).  All appear to be citizens of Ohio.  Plaintiff is a citizen of the District of Columbia.

Plaintiffs have the burden of demonstrating jurisdiction.  E.g., Crane v. N.Y. Zoological Soc., 894 F.2d 454, 456 (D.C. Cir. 1990).  Under the D.C. long-arm statute, this Court clearly has personal jurisdiction over ODM, since the claims arise directly from ODM's "transacting any business in the District of Columbia."  D.C. Code § 13-423(a)(1).  ODM entered into a number of contracts with Edgell while he was in D.C., shipped numerous bobbleheads to his address in D.C., and exchanged hundreds of business-related e-mails and phone calls with him in D.C.  As to the remaining corporate defendants, plaintiffs state only that "upon information and belief" the monies owed to them by Defendant ODM "may have been transferred to these enterprises."  Pls.' Opp'n at 9.  This is insufficient. See GTE New Media Servs. Inc. v. BellSouth Corp., 199 F.3d 1343, 1349 (D.C. Cir. 2000) ("conclusory statements and intimations" insufficient to support personal jurisdiction); Youming Jin v. Ministry of State Sec., 335 F. Supp. 2d 72, 81 (D.D.C. 2004) (statements based on "information and belief" insufficient to establish personal jurisdiction).  The question of whether I have personal jurisdiction over the Bosleys in their individual

capacities is not clear, but jurisdiction is unlikely as to plaintiffs' contract claims.  See Wiggins v. Equifax Inc., 853 F. Supp. 500, 503 (D.D.C. 1994) (finding official acts insufficient to create personal jurisdiction over corporate officers and employees).

The jurisdictional issues need not be resolved, however, because, as an alternative to dismissal, plaintiffs request that I transfer this case to the Northern District of Ohio, Eastern Division.  It appears that that court would have personal jurisdiction over all the defendants.  In these circumstances, transfer is appropriate and would be in the interest of justice.  It is at least debatable whether, in cases where personal jurisdiction is lacking but venue itself is not directly challenged, such a transfer is effected under 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a), McFarlane v. Esquire Magazine, 74 F.3d 1296, 1301 (D.C. Cir. 1996), but it is appropriate under one or both of these provisions.  See id.; 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3827 (1986 & Supp. 2005).

*  *  *

An appropriate Order accompanies this Memorandum.

JAMES ROBERTSON
United States District Judge